## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:13CR264 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MICHAEL PEITZMEIER, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court on the defendant Michael Peitzmeier's Motion for Bill of Particulars and Request for Oral Argument (#16). The defendant, who is charged in a two-count indictment with misappropriation of postal funds and false entries and reports of money or securities, requests that the court order the government to file a bill of particulars. The defendant bases his request on the fact that a review of Rule 16 discovery discloses the defendant's involvement in less than $500 of converted funds while count one of the indictment alleges the amount of the loss to be "in excess of $1,000."

The government filed a response to the Motion for Bill of Particulars (#19), admitting that Rule 16 disclosures total less than $1,000, but that it is the government's position that all of the postal stamp shortages for the entire office during the time in question are attributable to the defendant and that his monitored conduct reasonably suggests that he was the perpetrator of the same type of conduct in the applicable time frame.

The issue before the court is whether the defendant is entitled to a bill of particulars based upon the issues presented. "If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." Id. (internal quotation marks omitted).

This court has broad discretion in determining whether to grant or deny a bill of particulars. United States v. Stephenson, 924 F.2d 753, 762 (8th Cir. 1991). Based upon the government's response, both the information regarding the charges in the indictment and the government's theory of the case have been supplied to the defendant. I find that the government has provided adequate discovery materials, as well as supplying the defendant with their theory of the case. Accordingly, I find that the Motion for Bill of Particulars should be denied. In addition, I note that in this case, as in all criminal cases, the government has a continuing obligation under the Federal Rules of Criminal Procedure and existing case law to make timely and complete disclosure of certain information, and that obligation is a continuing obligation, which includes newly acquired evidence.

**IT IS ORDERED:**

1. Defendant's Motion for a Bill of Particulars and Request for Oral Argument (#16) is denied without hearing.

2. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 3rd day of October 2013.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge